(76 South. 590)

No. 21942.

DEBLIEUX et al. v. BOARD OF SCHOOL DIRECTORS OF NATCHITOCHES PARISH.

(June 16, 1917. Rehearing Denied Oct. 29, 1917.)

*(Syllabus by the Court.)*

SCHOOLS. AND SCHOOL DISTRICTS ☞38—CREATION OF DISTRICT—VALIDITY OF RESOLUTION—SPECIAL TAX ELECTION.

Where a resolution adopted by a parish school board, for the creation of a school district by the elimination of parts of an existing district, is too vague and uncertain in its calls to enable a surveyor to locate such parts, *held*, that the resolution was null and void, and that a special tax election held thereunder was without legal effect.

O'Niell, J., dissenting.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Suit for injunction by Jeff Deblieux and others against the Board of School Directors of Natchitoches Parish. Judgment for defendant, and plaintiffs appeal. Judgment reversed, and judgment ordered in favor of the plaintiffs, and injunction sued out by plaintiffs perpetuated.

Smith & Rusca, of Natchitoches, for appellants. John F. Stephens, of Coushatta, for appellee.

The following opinion, prepared by the late Mr. Justice LAND, has been adopted by his surviving associates, and is handed down by the Chief Justice, on behalf of the court:

Plaintiffs sued to annul a certain special tax election in the Clarence school district in the parish of Natchitoches at the same time enjoining the collection of the tax.

There was judgment for the defendant, and the plaintiffs. have appealed.

Plaintiffs' contentions are set forth in their brief as follows:

"The petition charges that the board of school directors in April, 1915, created the Clarence school district and ordered an election therein, which was held on the 19th day of May, 1915, resulting in the. defeat of the election.

"It is charged that, without repealing said resolution creating the Clarence school district, the board of school directors did, on May 19, 1915, order an election to be held in the Clarence district, which resolution attempted to eliminate a small part of the territory within the calls of the district as created by resolution of April 5, 1915. It is charged that the school board attempted to eliminate that part of the district wherein resided wealthy taxpayers who opposed the tax, without amending or repealing the former resolution, which resulted in great confusion.

"We charge that the board attempted to lay off a district by the process of elimination without defining its boundaries; that by such vague and indefinite attempt a supposed district had been attempted which is utterly impossible of location.

"Neither the registrar of voters, the school board, nor the assessor could locate the district."

"If the district was possible of location, then the school board had acted in a most arbitrary manner in mapping said district, and had grossly abused the discretion vested in it as the governing authority."

The petition charges informalities in the election and subsequent proceedings, which will be considered if the court should.find the objections to the formation of the school district without merit.

The minutes of the school board read:

"Clarence School District: That the Clarence special school district shall contain all of ward four, Natchitoches parish, La., not included in the Campti special school district nor the Pace nor Trichel special school district.

"Defined April 5, 1915. Election ordered on April 5, 1915, to be held on May 19, 1915, 5 mills for 5 years, promulgated May 24, 1915.

"New Clarence School District: All of ward four, Natchitoches parish, La., described as follows: All of ward four not included in the Campti school district and the Pace or Trichel school district, except that portion east of a line beginning at Red river at a point dividing the property of J. A. Vorcher on the east and J. F. Clark on the west and running on a line dividing the land of A. F. Gallien and Dr. Cockerham until it intersects the south boundary of the Pace or Trichel school district. Ward four Natchitoches parish, Louisiana, 5 mills for 5 years, election ordered on May 24, 1915, to be held on July 2, 1915, promulgated July 9, 1915."

Mr. Berlin, surveyor, testified, after reading the resolution establishing the New Clarence school district, and examining the official parish map, that it was impossible to describe the lines upon the map from the description called for in the resolution.

Mr. Hudson, the parish school superintendent, in his testimony admitted that the lands in ward 4 west of Red river, are not in the Campti district or in the Pace district, are not within the lines excluded in the Clarence district, and were not considered by the school board as in said district.

It was admitted that all parties living upon that part of ward 4 lying west of Red river were not upon the poll list furnished for the election.

In short, that part of ward 4, though included in the description of the original Clarence district, was treated by the school board and other local authorities as if it constituted no part of the New Clarence district.

Mr. Davis, witness for the defendant, who served as one of the election commissioners, admitted that the resolution called by necessary intendment for a north and south line, while the authorities intended to establish an east and west line.

The same witness stated that the names of the voters in that part of the school district west of Red river were not upon the poll list, and none of them came to vote.

The argument for the defense seems to be based on the supposed intention of the school board to eliminate from the district certain large properties owned by voters, who were opposed to the levy of the contemplated special school tax.

Conceding that the board had such intention, that body failed to express the same in the resolution fixing the limits of the new school district.

The board had no intention of including in said district the properties in ward 4 west of Red river, but the resolution does so beyond dispute.

The board could act only by formal resolution, and the undisclosed intention of its members cannot affect the legal situation.

The parish board of school directors is required to divide the parish into school districts, and the said board is further required to make a report to the parish superintendent containing the boundary and description of each district, designated by number. See section 13, Act No. 214 of 1912, as amended by Act No. 17, 1914, p. 41.

A school district thus created constitutes a taxing district for all special school taxes authorized by law, and also an election district for the purpose of taking the sense of the property taxpayers on propositions for the levy of such taxes.

Where, as in this case, the resolution for the creation of the district is so vague and uncertain in its calls that no surveyor can locate one of its boundaries, the defect is fundamental, as it affects the location and extent of the taxing district.

It necessarily follows that the New Clarence school district of the parish of Natchitoches was not constituted according to law, and therefore the judgment below must be reversed, and judgment rendered in favor of the plaintiff.

It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered that there be

judgment in favor of the plaintiffs, decreeing the special tax election of date July 2, 1915, authorizing the levy of a tax of five mills for five years on all the property in the so-called New Clarence school district of ward 4 of the parish of Natchitoches, as well as the levy and assessment thereof, to be null and void; and it is further ordered that the injunction herein, sued out by the plaintiff, be maintained and perpetuated; and, finally, that the defendant pay costs in both courts.

LECHE, J., takes no part.

See dissenting opinion of O'NIELL, J., 76 South. 592.