103 So.2d 274

Dan C. RICE et al.

v.

C. C. CHAPMAN et al.

No. 44053.

June 6, 1958.

John R. Sheppard, Baton Rouge, for plaintiffs-appellants.

Foley, Cox & Judell, New Orleans, Richard Kilbourne, Clinton, for defendants-appellees.

HAMITER, Justice.

The six plaintiffs herein seek to have declared null and void a bond issue of $630,000 proposed on December 3, 1957, by the East Feliciana Parish School Board and approved at an election held on January 14, 1958, by an overwhelming majority of the resident property taxpayers of the Clinton

School District No. 3, located within that parish. The results of the election were duly promulgated on January 17, 1958, and the bonds authorized to be issued were advertised for sale. This suit, causing a postponement of the sale, was instituted on February 3, 1958.

The district court rejected the demands of plaintiffs and they are appealing.

The sole ground of attack presently urged by appellants is that a school board ordinance of January 14, 1957, by which Clinton School District No. 3 was enlarged and re-created is invalid because it placed within the boundaries of such district a portion of Ward 2 of the parish that is situated in Slaughter School District No. 10, thereby causing an overlapping of districts in violation of LRS 17:1371, subd. B; and that, since the new Clinton District was illegally established, the election held therein was a nullity.

Admittedly, on May 1, 1956, by a duly adopted school board ordinance, all of the East Feliciana Parish school districts were abolished (including Slaughter School District No. 10) with the exception of the Parishwide School District No. 1, Jackson School District No. 2 and Clinton School District No. 3. However, it is the position of these appellants that later action taken by the board on certain motions, specifically those introduced on August 21, 1956 and September 14, 1956, by Mrs. Allen W. Tate,

resulted in the re-establishment of the old Slaughter School District No. 10. In this connection, to quote from the brief of counsel, they say: "This case now involves only one real issue: Whether East Feliciana Parish School Board did or did not establish a 'Slaughter School District' by the resolutions of said board, * * *."

The relied on motion of August 21, 1956, introduced by Mrs. Tate, proposed that "* * * the School Board *vote* to create a new Slaughter School District, to include the old Slaughter District and a portion of Ward One, which is not in any district— for the purpose of voting a bond issue." The minutes at that time reflect that a Mr. Chapman then "recommended that this action be postponed until such time as some of the people could appear in behalf of the motion, and outlines, etc., of the proposed district could be presented." Later in the meeting the motion of Mrs. Tate was approved.

At the meeting held on September 14, 1956, Mrs. Tate moved "that the resolution adopted by the Board by a vote of seven to three at the meeting held on August 21, relative to the *proposed creation* of the Slaughter School District which includes the old Slaughter School District and part of the old Ethel School District which is in Ward One of East Feliciana Parish, remain the same." The motion also carried. (Italics ours.)

Thereafter, on October 2, 1956, Mrs. Tate moved "that a Slaughter School District as described by Mrs. Juddell, Bond Attorney, based upon a survey made by Mr. John P. Hobgood, Surveyor, *be created* for bonding purposes." At the same time she offered a proposed ordinance which specifically provided for the creation of such district and defined its boundaries. Thereupon, according to the minutes, Mr. C. Walter Davis "made a substitute motion, seconded by Mr. Byrnes, that the portion included in the proposed Slaughter School District No. 10, which represents people living in the Plank Road and Second Ward who have requested by petitions to be included in the Clinton School District be eliminated and that another survey be made." This substitute motion was adopted, and Mrs. Tate's proposed ordinance was defeated. (Italics ours.)

On January 14, 1957, by way of a substitute motion, Mrs. Tate again attempted to have the board create the Slaughter District according to the Hobgood survey. Her motion failed to carry. However, at the same meeting an ordinance, presented by Mr. Davis, was adopted. This ordinance (it is the one attacked herein by appellants) enlarged and re-created the Clinton School District No. 3, it describing and defining the boundaries thereof and including in said district that part of the parish in the Plank Road and Second Ward areas referred to by Mr. Davis in his substitute motion of October 2, 1956.

■ After carefully studying the school board minutes in connection with the above discussed motions and ordinances, and after considering the other evidence in the record, we conclude (as did the trial judge) that no new Slaughter School District No. 10 was intended to be, or was in fact, created by the approval of Mrs. Tate's motions of August 21, 1956 and September 14, 1956. The language of the several motions and ordinances, as well as of the minutes reflecting the actions of the board, clearly indicates that the proceedings taken on those two occasions were merely preliminary steps toward the later drafting of a suitable ordinance to actually create a new district—that is, they purposed only to provide for the making of needed surveys and for the hearing of interested persons, etc.

And our conclusion is supported by two important circumstances: 1. Neither of Mrs. Tate's motions (relied on by appellants) contained any definite description of the boundaries of the proposed new Slaughter District, such as is essential in the creation of a school district (Deblieux v. Board of School Directors of Natchitoches Parish, 142 La. 147, 76 So. 590); and 2. Mrs. Tate's ordinance of October 2, 1956, which did define the boundaries of the district proposed by her, was defeated.

██ Since we have concluded that the adopted motions relied on by appellants (those of August 21, 1956 and September 14, 1956) did not result in the creation of a new Slaughter District our holding is that they did not constitute a barrier to the board's including some of the territory of the old abolished Slaughter District in the enlarged Clinton School District No. 3. And it follows that the attack made on the ordinance re-creating Clinton School District No. 3 is without merit.

For the reasons assigned the judgment appealed from is affirmed.