ON APPLICATION FOR A REHEARING
PER CURIAM.,
In an application for a rehearing,, counsel for appellants complain, inter alia,, that the liberality in construction which we-have accorded to the description of theHackberry Recreation District is violative of the rule enunciated in Deblieux v. Board of School Directors of Natchitoches Parish, 142 La. 147, 76 So. 590, that, where the resolution for the creation of the district is so vague and uncertain in its calls. *497 * * * that no surveyor can locate one ■of its boundaries, the defect is fundamental, .as it affects the location and extent of the .taxing district.”
'Counsel are in error in their interpretation of our decision. The defendants produced the expert testimony of two surveyors who stated that they must assume that Townships 12 and 13 South, Range 12 W. are regular townships but, even if they are irregular, they (the surveyors) •could locate Section 34 on the ground, following the rules of surveying prescribed “by the U. S. Department of the Interior, if .allowed adequate time and money for this purpose. The district judge found that this evidence preponderated over the negative evidence of plaintiff’s two experts and, in our ■ original opinion, we approved the judge’s appreciation of the expert evidence, the rationale of our holding being that, with evidence before us that the section line could be located on the ground, it was proper to give a liberal construction to the description so as to sustain, rather than defeat, the creation of the district.
The application for a rehearing is denied.
HAWTHORNE, J., not being convinced that the boundaries of the Hackberry Recreation District can be located on the ground, thinks a rehearing should be granted to determine this question.